UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICTOR ROBINSON,

      Plaintiff,

v.              Case No. 23-cv-917-pp

JOHN KIND, *et al.*,

      Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 24), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 25) AND DISMISSING CASE FOR FAILURE TO STATE CLAIM**

  Plaintiff Victor Robinson, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and determined that it did not state a claim, but it gave the plaintiff the opportunity to amend the complaint. Dkt. No. 23 at 17. The plaintiff timely filed an amended complaint. Dkt. No. 24. This order screens the amended complaint, dkt. no. 24, denies the plaintiff's motion for reconsideration, dkt. no. 25, and dismisses the case for failure to state a claim.

**I. Screening the Amended Complaint**

  A. <u>Federal Screening Standard</u>

  Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that

1

are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Amended Complaint's Allegations

The plaintiff sues John Kind, security director at Green Bay Correctional Institution; C. Heil, "PRC classification specialist" at Green Bay; and J. Preberg, unit manager at Green Bay. Dkt. No. 24 at 1. The amended complaint alleges that on August 2, 2020, the plaintiff was transferred from Waupun Correctional Institution to Green Bay with a recommendation for a six month "early recall." Id. at 2. In 2021 and 2022, social workers allegedly recommended medium custody classification considering the plaintiff's continued positive adjustment and completion of all program needs. Id. On July 14, 2022 or July 13, 2023, a social worker recommended "a six month defer if the plaintiff [] double up with another prisoner or go to the dorm[.]" Id. And on July 13, 2023, "Parole Commissioner endorsement to a lessor secured institution was supported by her reduced custody and request for placement at a medium site[.]" Id. at 3.

The amended complaint alleges that defendant Heil ignored the recommendations of the social workers and the parole commissioner and gave the plaintiff "12-month defer." Id. The plaintiff avers that he responded to Heil's decision by saying that he would "appeal the decision, file a complaint and [] see the defendant[]s in court because the defendant[]s were being bias[ed] and unfair[.]" Id. at 3 ¶1. He allegedly appealed Heil's decision to the Bureau of Offender Classification and Movement (BOCM). Id. at ¶2.

3

The amended complaint alleges that on August 24, 2023, the plaintiff received a response from the BOCM saying that a short recall was approved, not a twelve-month defer. Id. at 4 ¶4. That same night, defendant Preberg allegedly told the plaintiff that Heil and security/BOCM instructed Preberg to move the plaintiff from his single cell into a double cell. Id. The plaintiff alleges that he asked Preberg why Preberg wanted the plaintiff to move to a double cell when the plaintiff hadn't received a conduct report or done anything to lose his single cell status, nor had he received "proper notice as required by policy." Id. The plaintiff says that Preberg responded that Heil told Preberg to take the plaintiff to restrictive housing and issue him a conduct report if he did not move to a double cell. Id. The plaintiff allegedly told Preberg that Preberg was harassing the plaintiff at the request of Heil and that the plaintiff was going to amend his complaint and add Preberg as a defendant. Id. Preberg allegedly responded that he would be okay because he had emails from security and Heil that would support him and show that he was following their instructions. Id.

The plaintiff states that Preberg moved him to a double cell with the plaintiff's son, Donnelle Jones, who was moved from the north cell hall and who lost his job as head cook due to being moved. Id. at 4-5 ¶5. Preberg allegedly lacked authority from security to move the plaintiff or Jones to their new cell assignment, even though Preberg told the plaintiff that Preberg had email from upper security instructing him to place them together. Id. at 5 ¶6.

The plaintiff alleges that the defendants threatened him with being placed in restrictive housing and issued a conduct report if he did not move to

a double cell. Id. at 6 ¶7. He says he could not refuse because if he received a conduct report, it would "mess up his opportunity for parole because plaintiff was receiving six months defer from the parole board[.]" Id.

The plaintiff claims that the defendants moved him to a double cell in retaliation for the plaintiff saying that he was going to appeal Heil's decision to give him a twelve-month defer. Id. at 6-7 ¶¶8-11. He states that he was placed in a double cell without the proper notice required by Department of Corrections policy. Id. at 7 ¶10. The plaintiff also claims that the defendants' actions denied him due process. Id. at 7-8 ¶¶12-14.

The plaintiff also claims that defendant Kind knew of his institutional history and that the plaintiff didn't assault anyone in 2018. Id. at 8 ¶15. He alleges that Kind knew that the plaintiff had dropped his affiliation with members of a security threat group in 2014. Id. at 9 ¶16.

The plaintiff claims that Heil and Preberg have harassed and mistreated him and that no hearing was held before moving him from the single cell and threatening him with a conduct report if he didn't move. Id. at 10 ¶19. He states that the denial of a transfer to a lessor secure institution affects his possibility of parole. Id.

For relief, the plaintiff seeks expungement of "all gang allegation and information," assaultive allegations and erroneous information from his record. Id. at 10 ¶21. He also seeks monetary damages. Id.

C.  <u>Analysis</u>

To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." <u>Perez v. Fenoglio</u>, 792 F.3d 768, 783 (7th Cir. 2015) (quoting <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009)).

The amended complaint alleges that the defendants moved the plaintiff to a double cell in retaliation for the plaintiff appealing Heil's decision to give him a twelve-month defer. Incarcerated individuals have a First Amendment right "to seek administrative or judicial remedies of conditions of confinement." <u>Holleman v. Zatecky</u>, 951 F.3d 873, 878 (7th Cir. 2020) (citing <u>Babcock v. White</u>, 102 F.3d 267, 276 (7th Cir. 1996)). The plaintiff's act of appealing Heil's decision satisfies the first element of a retaliation claim.

But the plaintiff has not pled facts to satisfy the second or third elements. As to the second element, the plaintiff asserts that he chose to double up to avoid receiving a conduct report and going to segregation. He also alleges that he was placed in a double cell with his son. Transfer from one prison to another, on its own, "[w]ithout some additional aggravating factor, such as relocation to a much more restrictive or dangerous environment," is not likely to deter protected activity. <u>Douglas v. Reeves</u>, 964 F.3d 643, 647 (7th Cir. 2020) (quoting <u>Holleman</u>, 951 F.3d at 873). In <u>Douglas</u>, the court of appeals reasoned that "[t]he same logic applies to a move from one cell to

6

another[.]" Id. The plaintiff has not alleged that his transfer to a double cell was dangerous or involved conditions much more restrictive than those in his single cell. His retaliation claim is not viable under the second element.

Even if the plaintiff's transfer from a single cell to a double cell had amounted to a serious deprivation, he has not alleged facts to support an inference that his appeal of Heil's decision was a motivating factor for the defendants' conduct. See Iqbal, 556 U.S. at 678; Bridges, 557 F.3d at 546. He has not explained what leads him to believe that he was treated the way he was because of the protected activity. See Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777-78 (7th Cir. 2022). In fact, the plaintiff alleges that before Heil's decision to give the plaintiff a twelve-month defer, the plaintiff's social worker recommended a six-month defer *if he would double up or go to the dorm*. Based on these allegations, it appears that the plaintiff already had been required to move to a double cell and it may have been a prerequisite for moving to a less secure institution. The amended complaint does not state a retaliation claim.

The plaintiff also claims that his transfer to a double cell violated his due process rights. An incarcerated individual "has no constitutional right to be housed in a single cell or to be transferred to the prison of his choice." Lindh v. Hepp, Case No. 21-C-801, 2021 WL 3473141, at *4 (E.D. Wis. Aug. 6, 2021) (quoting Cordrey v. Harrington, Case No. 14-CV-108, 2014 WL 716713, at *4 (S.D. Ill. Feb. 25, 2014)); see also Holleman, 951 F.3d at 878 ("[A] prisoner does not have a constitutional right to a particular prison placement."). and the plaintiff has not stated a claim based on the defendants' alleged failure to

7

follow prison policy regarding the cell transfer. An alleged violation of prison policy alone does not establish a constitutional violation. See Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020).

Like the original complaint, the amended complaint fails to state a claim under §1983.

## II. Plaintiff's Motion for Reconsideration, Dkt. No. 25

The same day the plaintiff filed his amended complaint, he filed a motion for reconsideration of court's screening order to the extent that it denied without prejudice his motion to appoint counsel and determined that the original complaint did not state a retaliation claim. Dkt. No. 25.

The court denied without prejudice the plaintiff's motion to appoint counsel because he had not shown that he had made a reasonable attempt to find a lawyer on his own and because, even if he had, the court believed that he was capable of filing an amended complaint. Dkt. No. 23 at 17. In his motion for reconsideration, the plaintiff states that he did try to find a lawyer on his own. Dkt. No. 25 at 1. But the plaintiff did not address the court's determination that he was capable to proceed on his own even if he had made a reasonable attempt to find a lawyer. Regardless, the court now has found that the amended complaint fails to state a claim and it is dismissing the case. The court will deny the plaintiff's motion for reconsideration of his motion to appoint counsel.

The plaintiff also contends that the court erred in determining that the original complaint did not state a retaliation claim. Dkt. No. 25 at 1. Contrary

to his allegation in his amended complaint, the plaintiff states that Heil gave him a twelve-month defer because he refused to volunteer and double-up with another incarcerated individual. Id. at 2 ¶d. Then, consistent with the amended complaint, the plaintiff argues that in response to the twelve-month defer from Heil, the plaintiff said he would appeal the decision and file a complaint. Id. at 2 ¶e. He also states that after he received the BOCM decision, Preberg told him he had to move to a double cell or he would go to restrictive housing and receive a conduct report. Id. at 2 ¶f. The plaintiff states that he suffered in the double cell because the toilet has a timer where it cannot be flushed every five minutes and if it is flushed too soon, it cannot be flushed for an hour. Id. at 4 ¶k. He says that "you are stuck smelling you cell-mate['s] waste." Id.

In the order screening the original complaint, the court determined that the plaintiff had not stated a retaliation claim.

> Incarcerated individuals have a right under the First Amendment "to seek administrative or judicial remedies of conditions of confinement. Hollemen v. Zatecky, 951 F.3d 873, 878 (7th Cir. 2020) (citing Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996)). It appears that the plaintiff alleges that the defendants retaliated against him because he did not follow their instructions to volunteer to move to a double cell so that he could prepare for transfer to a less secure institution. Because the plaintiff states that he refused the defendants' instruction to double up with another incarcerated individual, he presumably did not act in a manner consistent with legitimate penological interests and therefore his refusal did not implicate his rights under the First Amendment. See Watkins v. Kasper, 599 F.3d 791, 796-97 (7th Cir. 2010).

> Even if the plaintiff had a First Amendment right to refuse to double up, he has not adequately pled the second and third elements of a retaliation claim. The plaintiff alleges that he has been incarcerated in a maximum-security institution for thirty-four years and that the defendants' refusal to authorize his transfer to a less secure institution meant that he remained at Green Bay, a

9

> maximum-security institution. This "deprivation" is not likely to deter a person of ordinary firmness from continuing to engage in protected conduct. See Holleman v. Zatecky, 951 F.3d 873, 882 (7th Cir. 2020). In addition, the defendants allegedly told the plaintiff that he needed to double up if he wanted them to transfer him to a less secure institution. He did not double up and they didn't transfer him. While his failure to double up may have been a reason the defendants did not transfer him, the plaintiff has not plausibly alleged that the defendants' motive in refusing to transfer him was retaliatory. See id., at 878-79. The plaintiff has not stated a retaliation claim against the defendants.

Dkt. No. 23 at 12-13.

The plaintiff's amended complaint became the operative complaint when he filed it, taking the place of the prior complaint. The screening order advised the plaintiff that if he filed an amended complaint, he could not refer the court back to facts in the previous complaint. Id. at 15-16. Nonetheless, the court has considered the plaintiff's motion (and in doing so, reviewed the original complaint). The plaintiff has not shown that the court erred in determining that the original complaint did not state a claim. The court will deny the plaintiff's motion for reconsideration.

## III.   Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 25.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for habeas corpus relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of December, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**